UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KENNETH DAVEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:11-CV-1510-G |
| FIRST COMMAND FINANCIAL | ) | |
| SERVICES, INC., ET AL., | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the respondents' motion for partial vacatur or, in the

alternative, modification of an arbitration award (docket entry 10).  For the reasons

set forth below, the motion is granted in part and denied in part.  Furthermore, the

petitioner's request for clarification or remand is denied.

## I.  BACKGROUND

This is a dispute over an arbitration award.  The petitioner, Kenneth Davey

("Davey"), sells insurance products.  Application for Order Confirming Arbitration

Award ("Complaint") ¶¶ 2, 4 (docket entry 1).  The respondents, First Command

Financial Services, Inc., First Command Financial Planning, Inc., and First Command Bank (collectively, "First Command"), also sell insurance products. *Id*.

On August 4, 2005, Davey and First Command entered into a written contract (the "Agreement"), in which First Command appointed Davey as an "agent/advisor" to sell insurance products. *Id*. This contract contains an arbitration clause that requires all disputes to be submitted to the National Association of Securities Dealers, now the Financial Industry Regulatory Authority ("FINRA"). *Id*. at ex. 1, p. 2. In particular, the clause provides that "[a]ll controversies, disputes, or claims between [Davey] and First Command arising out of and/or relating to this Agreement shall be submitted for binding arbitration to [FINRA]." *Id*. at ex. B, ¶ 16(a).

A dispute arose between the parties, which was arbitrated before a panel under the auspices of FINRA in Dallas, Texas. Respondents' Brief in Support of Their Petition for Partial Vacatur, or in the Alternative, for Modification of Arbitration Award ("Respondents' Brief") at 2 (docket entry 8). On June 24, 2011, the panel issued its award. Complaint at ex. A. In its award, the panel ordered Davey to return "all copies of information in his possession (including the 'thumbdrive') or subject to his control pertaining" to First Command, as well as "all property described in paragraph 8 of the [Agreement]." *Id*. at ex. A, p. 10. The panel also awarded Davey $125,000 in compensatory damages, $375,000 in punitive damages, $263,000 in costs, $237,000 in attorneys' fees, and $600 in FINRA filing fees. *Id*. at ex. A, pp.10-

- 2 -

11.  The award also stated that "[a]ny relief not specifically enumerated, including additional sanctions and statutory treble damages, is hereby denied and dismissed with prejudice." *Id.*

On July 8, 2011, Davey filed this suit for an order confirming the FINRA panel's arbitration award.  Complaint at 1.  On July 27, 2011, First Command moved for partial vacatur, or in the alternative, modification of the award.  Respondents' Motion for Partial Vacatur or, in the Alternative, Modification of Arbitration Award and Response to Davey's Application for Order Confirming Arbitration Award ("Respondents' Motion") at 2-3 (docket entry 10).

In this case, the parties dispute three parts of the FINRA panel's arbitration award.  First, First Command argues that the court should vacate the award for punitive damages because the arbitrators lacked authority to award punitive damages.  Respondents' Brief at 5.  Second, First Command argues that the court should vacate the award for costs because Davey had abandoned his request for costs.  *Id*. at 7.  Finally, Davey argues that the court should clarify, or remand to the arbitrators for clarification, the portion of the award that orders him to return certain property to First Command.  Kenneth Davey's Response to Claimants' Petition for Partial Vacatur, or in the Alternative, for Modification of Arbitration Award ("Petitioner's Response") at 2-3 (docket entry 11).

## II.  ANALYSIS

### A.  Legal Standard

Under the Federal Arbitration Act ("FAA"), the court can vacate an arbitration award "where the arbitrators exceeded their powers."  9 U.S.C. § 10(a)(4).  Furthermore, under 9 U.S.C. § 11(b), the court can modify or correct an award "[w]here the arbitrators have awarded upon a matter not submitted to them."

The FAA "imposes significant limits on judicial review in order that arbitration will be 'efficient and cost-effective' for the parties."  *Householder Group v. Caughran*, 354 Fed. Appx. 848, 850 (5th Cir. 2009).  For example, the party that moves to vacate an arbitration award under Section 10(a) has the burden of proof.  *Parker v. J.C. Penney Corporation*, 426 Fed. Appx. 285, 288 (5th Cir. 2011).  Furthermore, judicial review of an award is "exceedingly deferential."  *Householder Group*, 354 Fed. Appx. at 850.  Federal courts must confirm an arbitration award unless the award is vacated, modified, or corrected under Sections 10 and 11 of the FAA.  9 U.S.C. § 9.

### B.  Punitive Damages

First, First Command argues that the court should vacate the arbitrators' award of $375,000 in punitive damages because the arbitration agreement expressly prohibited the awarding of punitive damages.

- 4 -

1.  *Legal Standard*

Because "[a]rbitration is contractual and arbitrators derive their authority from the scope of the contractual agreement[,]" courts must look to the parties' agreement to determine an arbitration panel's authority.  *Totem Marine Tug and Barge, Inc. v. North American Towing, Inc.*, 607 F.2d 649, 651 (5th Cir. 1979).  As a result, "[t]he award of an arbitration panel may be vacated where the arbitrators exceed their powers."  *Id*.

Furthermore, "[p]rovisions in arbitration agreements that prohibit punitive damages are generally enforceable."  *Investment Partners, L.P. v. Glamour Shots Licensing, Inc.*, 298 F.3d 314, 318 n.1 (5th Cir. 2002) (citing *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 56-57 (1995) ("[I]f the contract says 'no punitive damages,' that is the end of the matter, for courts are bound to interpret contracts in accordance with the expressed intentions of the parties -- even if the effect of those intentions is to limit arbitration.").

2.  *Application*

The contract between Davey and First Command lays out the scope of the arbitrator's power:

> Except as limited by this Agreement, the arbitrator shall
> have the right to award or include in the arbitrator's award
> any relief which the arbitrator deems proper in the
> circumstances including, without limitation, money
> damages (with interest on unpaid amounts from the date
> due), specific performance, injunctive relief, and attorneys'

- 5 -

> fees and costs *provided that the arbitrator will not have the right
> to award exemplary or punitive damages*.

Complaint at ex. B, ¶ 16(b) (emphasis added).

First Command argues that the arbitration panel's award of $375,000 in

punitive damages violates the express prohibition in Section 16(b) of the contract.

Davey, however, makes three arguments as to why this express prohibition does not

apply to the panel's award in this case.

First, Davey argues that the arbitration agreement's provision prohibiting

punitive damages does not apply to his commercial disparagement claim against First

Command. Kenneth Davey's Brief in Support of His Response to Claimants' Petition

for Partial Vacatur, or in the Alternative, for Modification of Arbitration Award

("Petitioner's Response Brief") at 11-12 (docket entry 12). Section 16(a) of the

Agreement provides that "[a]ll controversies, disputes, or claims between [Davey] and

First Command arising out of and/or relating to this Agreement shall be submitted for

binding arbitration to [FINRA]." Complaint at ex. B, ¶ 16(a). Davey argues that his

commercial disparagement claim is not a dispute "arising out of and/or relating to"

the contract itself, and therefore is not subject to the anti-punitive damages provision

of the arbitration agreement. Petitioner's Response Brief at 11-12.

However, Davey's commercial disparagement claim is subject to the provision

precluding punitive damages. The phrase "arising out of and/or relating to" is

"expansively" interpreted by the Fifth Circuit, *Pennzoil Exploration and Production*

*Company v. Ramco Energy Limited*, 139 F.3d 1061, 1067 (5th Cir. 1998), and

"reach[es] all aspects of the relationship," *Nauru Phosphate Royalties, Inc. v. Drago Daic*

*Interests, Inc.*, 138 F.3d 160, 165 (5th Cir.) (internal quotations omitted), *cert. denied*,

525 U.S. 876 (1998).  Moreover, "it is only necessary that the dispute 'touch'

matters covered by the [agreement] to be arbitrable." *Pennzoil*, 139 F.3d at 1068.

Because the commercial disparagement claim is an aspect of the contractual

relationship that existed between Davey and First Command, it clearly falls within

the scope of the contract's arbitration clause.  Therefore, the provision of the contract

that limits the arbitration panel's ability to award punitive damages applies to that

claim as well.

Second, Davey argues that the FINRA uniform submission agreement, which

the parties executed in 2009, trumped the 2005 contract's anti-punitive damages

provision and gave the arbitration panel the ability to award punitive damages.

Petitioner's Response Brief at 7.  The FINRA submission agreement states that, by

signing the agreement, the parties "submit the present matter in controversy . . . to

arbitration in accordance with the FINRA By-laws, Rules, and Code of Arbitration

Procedure."  Appendix in Support of Kenneth Davey's Response to Claimants'

Petition for Partial Vacatur, or in the Alternative, for Modification of Arbitration

Award and Brief in Support ("Petitioner's Appendix") at 1 (docket entry 13).

Likewise, by signing the agreement, the parties agreed that they had "read the

procedures and rules of FINRA relating to arbitration, and the parties agree to be bound by these procedures and rules." *Id*. These rules and procedures appear to give arbitrators the ability to award punitive damages. *See* Petitioner's Appendix at 223 ("Arbitrators may consider punitive damages as a remedy."); see also *id.* at 225 (providing a definition of punitive damages). Davey argues that the FINRA submission agreement controls because it was signed later than the original contract. *See* Petitioner's Response Brief at 12-13.

However, the FINRA submission agreement did not nullify the anti-punitive damages provision in the original contract. First, the submission agreement itself does not say anything about punitive damages. Instead, the submission agreement references other documents which say that arbitrators "may" consider punitive damages as a remedy. Petitioner's Appendix at 223. Because these documents are drafted to cover every possible arbitration that comes before FINRA, they are broad and general in scope. They do not state that FINRA arbitrators must have the capacity to award punitive damages. *Id*. at 223, 225. Moreover, FINRA specifically tells parties that they cannot alter the language of the Submission Agreement. *See* Appendix to Respondents' Reply Brief in Support of Their Motion for Partial Vacatur, or in the Alternative, Modification of Arbitration Award ("Respondents' Reply Appendix") at 166 (docket entry 17) ("Please note that parties should not alter the language in the Submission Agreement."). As First Command recognizes, "if

Davey's interpretation of the Submission Agreement is accepted, *any* limitation on an arbitrator's authority contained in an arbitration clause would be eviscerated in *every* single FINRA arbitration proceeding."  Respondents' Reply in Support of Motion for Partial Vacatur or, in the Alternative, Modification of Arbitration Award ("Respondents' Reply") at 6-7 (docket entry 16) (emphasis in original).

Third, Davey argues that because First Command has not produced a transcript of the arbitration proceeding showing that the panel exceeded its powers, First Command has not demonstrated that the panel exceeded its authority under the arbitration clause.  However, Davey has cited no case law requiring such a transcript. Such evidence is unnecessary in a case where there is a clear provision in the arbitration agreement.  The Fifth Circuit has explained that:

> Arbitration is a matter of contract.  . . .  Although the law imposes a presumption in favor of arbitrability, the policy that favors resolving doubts in favor of arbitration "cannot serve to stretch a contractual clause beyond the scope intended by the parties or authorize an arbiter to disregard or modify the plain and unambiguous provisions of the agreement."

*Smith v. Transport Workers Union of America*, 374 F.3d 372, 374-75 (5th Cir. 2004).  Because there is a plain and unambiguous provision in the agreement that prohibits punitive damages, the additional transcript evidence sought by Davey is unnecessary.

Finally, the arbitration panel's award of punitive damages does not provide this court with any reason to ignore the arbitration clause's prohibition on punitive damages. The award explains that punitive damages were giving "pursuant to §15.51(c) and §38.001 of the Texas Business and Commercial Code." Complaint at ex. A, p. 11. Section 15.51(c) deals with the reformation of covenants not to compete, and does not mention punitive damages at all. Section 38.001 was repealed, but it dealt with definitions related to the regulation of telephone solicitation.

Consequently, the award of $375,000 in punitive damages to Davey is vacated.

## C.  Costs

First Command also argues that the arbitration panel exceeded its powers by awarding Davey $263,000 in costs "when Davey did not submit the issue of costs to the arbitration, and expressly disclaimed that he was seeking costs prior to the issuance of the Award." Respondents' Motion at 2.

The documentary evidence strongly suggests that the arbitration panel did have the power to award costs. The arbitration clause states that "[t]he costs of arbitration shall be borne equally by the parties pending a final award by the arbitrator." Complaint at ex. B, ¶ 16(d). In that award, the arbitrator had the "right to award or include in the arbitrator's award any relief which the arbitrator deems proper in the circumstances, including, without limitation . . . attorneys' fees and

costs." *Id*. at ex. B, ¶ 16(b).  Moreover, the arbitration award states that both Davey

and First Command sought unspecified costs.  *Id*. at ex. A, pp. 4-5.

However, First Command argues that Davey abandoned his claims for costs

after the arbitration hearing.  First Command points to Davey's post-hearing brief

seeking recovery of attorneys' fees and expenses, in which he stated the following:

> While each party is generally responsible for its own costs
> in connection with an arbitration, it is within the Panel's
> discretion to direct payment of all or part of the fees and
> expenses of the proceeding by one or more parties.
> Accordingly, Davey seeks recovery of his attorney's fees
> and expenses, exclusive of costs.

Appendix to Respondents' Brief in Support of their Petition for Partial

Vacatur, or in the Alternative, For Modification of the Arbitration Award

("Respondents' Appendix") at ex. 4, p. 1 (docket entry 8-1).  Furthermore, Davey's

fee expert stated in his affidavit that the amount in fees that Davey sought was

"exclusive of litigation costs such as photocopy charge, travel expenses, etc." *Id*. at ex.

5, ¶ 8, n.1.

Because of the "exceedingly deferential" nature of judicial review of arbitration

awards, *Householder Group*, 354 Fed. Appx. at 850, First Command's motion to vacate

the award of costs is denied.

D.  Return of Information

Finally, in his response to First Command's motion, Davey seeks "clarification, or in the alternative, remand to the arbitrators for clarification, of ¶ 1 of the Award." Petitioner's Response at 2.  This paragraph states that Davey

> shall return all copies of information in his possession
> (including the "thumbdrive") or subject to his control
> pertaining to the business, clients and prospects of [First
> Command], including all property described in paragraph 8
> of the parties' Financial Advisor Agent Agreement dated
> August 4, 2005.

Complaint at ex. A, p. 6.  Davey argues that paragraph one may be interpreted as forcing him to turn over certain privileged documents, or documents not obtained because of his former employment with First Command.  Petitioner's Response at 2-3.

However, Davey's request for "clarification" or remand is not properly before the court at this time.  Davey failed to bring this issue up in his application for confirmation of the arbitration award, and he has not filed a motion for "clarification" or remand concerning paragraph one of the award.  Moreover, the briefing that the parties have done on this issue is cursory.  Therefore, Davey's request for "clarification" or remand is denied at this time without prejudice.

Davey will have until **March 1, 2012** to file a motion for reconsideration of the court's ruling denying clarification of the Award.  If Davey chooses to file such a

motion, the parties should brief all legal issues that would aid the court in deciding this issue.

### III.  CONCLUSION

For the reasons stated above, First Command's motion to vacate the award of punitive damages is **GRANTED**, First Command's motion to vacate the award of costs is **DENIED**, and Davey's request for clarification or remand for clarification of paragraph 1 of the award is **DENIED** without prejudice.

**SO ORDERED**.

January 31, 2012.

A. JOE FISH
**Senior United States District Judge**